IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81750-TJM |
| | ) | |
| SCOTT EDWARD PECHA and | ) | CH. 13 |
| KIALA LEA PECHA, | ) | |
| | ) | |
| Debtor(s). | ) | |

### ORDER

Hearing was held in Omaha, Nebraska, on April 13, 2009, regarding the debtors' objections to two claims filed by SAC Federal Credit Union (Fils. #38 and #39), and resistances by SAC Federal Credit Union (Fils. #40 and #41). Wesley Bain appeared for the debtors and W. Eric Wood appeared for SAC Federal Credit Union.

The debtors have objected to two claims filed by SAC Federal Credit Union. The objections deal with the valuation of a 2002 vehicle and a 2004 vehicle.

The evidence presented by SAC Federal Credit Union is that the 2002 vehicle is worth $14,000 and the 2004 vehicle is worth $16,200. As support for those numbers, SAC Federal Credit Union refers to the July 2008 version of the N.A.D.A. Used Car Guide.

The evidence presented by the debtors relies upon the March 2009 N.A.D.A. Official Used Car Guide and then makes deductions for various repairs.

The Bankruptcy Code at 11 U.S.C. § 502(b) requires the court to determine the amount of a claim as of the date of the filing of the petition. The petition was filed in July 2008 and any evidence concerning the value of the vehicle in March 2009 is not relevant. In addition, any evidence concerning the repairs needed in March 2009 is irrelevant because there is no evidence presented by the debtors of the condition of the vehicles in July 2008.

THEREFORE, IT IS ORDERED that the debtors' objections to SAC Federal Credit Union's claims (Fils. #38 and #39) are overruled. I find the value of the 2002 vehicle is $14,000 and the value of the 2004 vehicle is $16,200. Those are the allowed secured claims.

DATED:    April 17, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Wesley Bain
   W. Eric Wood
   Kathleen Laughlin and U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.